J-A16032-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| SERGEI KOVALEV | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JANICE GILCHRIST, LA'SHEA TRENT, | : | No. 1216 EDA 2024 |
| MONICA YOUNG, AND DOES 1 | : | |
| THROUGH 15 | : | |

Appeal from the Order Entered April 29, 2024
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 230302932

BEFORE: LAZARUS, P.J., KUNSELMAN, J., and KING, J.

JUDGMENT ORDER BY KING, J.: **FILED JUNE 17, 2025**

Appellant, Sergei Kovalev, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which granted the motion to dismiss filed by Appellees, Janice Gilchrist, La'Shea Trent, Monica Young, and Jane Does 1 through 15. We affirm.

The relevant facts and procedural history of this matter are as follows. On November 30, 2021, Appellant attempted to have his blood drawn at a Philadelphia LabCorp location. Subsequently, Appellant commenced serial litigation against Appellees and other defendants, claiming that he sustained physical and emotional harm during his encounter at the LabCorp facility. In Appellant's related cases, his complaints resulted in, *inter alia*, a federal court action which resolved with a grant of summary judgment in Appellees' favor; and a state trial court action dismissed pursuant to Pa.R.C.P. 233.1, which

this Court affirmed on appeal.[1]

In the instant case, Appellant filed a complaint against Appellees on March 24, 2023. On January 2, 2024, Appellees filed a motion to dismiss Appellant's complaint pursuant to Rule 233.1,[2] which the court granted on April 29, 2024. Appellant timely filed a notice of appeal that day. On May 9, 2024, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. On May 29, 2024, Appellant timely complied.

On appeal, Appellant raises the following issues for our review:

> 1. Whether the [trial] court erred and/or abused its discretion by granting [Appellees'] motion to dismiss, filed allegedly pursuant to Pa.R.C.P. 233.1; however at the time when causes of action were never resolved pursuant to a written settlement agreement or a court proceeding?
>
> 2. Whether the [trial] court erred and/or abused its discretion by granting [Appellees'] motion to dismiss, filed allegedly pursuant to Pa.R.C.P. 233.1; however at the time when [Appellant's] Complaint was also representing a legal action for Injunctive Relief that was never resolved?
>
> 3. Whether the [trial] court erred and/or abused its discretion by misinterpreting the meaning of being "resolved pursuant to a court proceeding"?
>
> 4. Whether the [trial] court erred and/or abused its discretion by not striking [Appellees'] motion to dismiss, filed allegedly pursuant to Pa.R.C.P. 233.1 for inclusion of false, scandalous, and impertinent matter?
>
> 5. Whether [Appellees'] not verified Motion to Dismiss

_____

[1] **See Kovalev v. Laboratory Corporation of America**, No. 1977 EDA 2024 (Pa.Super. filed Apr. 15, 2025) (unpublished memorandum).

[2] We discuss Rule 233.1 in detail **infra**.

- 2 -

should be stricken for failure to attach the correct verifications and violation of the Pennsylvania Rule of Civil Procedure?

(Appellant's Brief at 3).

Initially, we note that the parties, the relief sought, the issues raised by Appellant, and the arguments articulated in his brief are nearly identical to those in **Kovalev**.[3] **See Kovalev, supra** at 4-10. Essentially, Appellant complains in this appeal that his claims could not be dismissed pursuant to Rule 233.1 because there was no final resolution of the matter in a prior court. We disagree.

In actions filed by *pro se* plaintiffs, a defendant may move to dismiss the action on the basis that (1) "the *pro se* plaintiff is alleging the same **or related claims** which the *pro se* plaintiff raised in a prior action against the same **or related defendants**" and (2) "these claims have already been **resolved** pursuant to a written settlement agreement or a court proceeding." Pa.R.C.P. 233.1 (emphasis added). **See also Gray v. Buonopane**, 53 A.3d 829, 835 (Pa.Super. 2012) (noting Rule 233.1 was enacted to prevent litigants from abusing legal system by repeatedly filing new litigation raising same claims against same defendants despite previous adjudication). Rule 233.1 requires only a **resolution** of the claims, not a final judgment on the merits. **See Gray, supra**.

---

[3] The sole difference is that in **Kovalev**, Appellant also claimed that the trial court had erred in dismissing his complaint pursuant to Rule 233.1 where he had allegedly obtained default judgments against two defendants (unnamed Jane Does) in the case. **See Kovalev, supra** at 4.

In ***Kovalev***, this Court recently affirmed the dismissal of Appellant's related complaint,[4] concluding that 1) the federal court had already resolved Appellant's claims including his claim for injunctive relief, such that Rule 233.1's requirements were satisfied; 2) the trial court properly granted the motion to dismiss under Rule 233.1; and 3) the appellees were not required to verify the motion to dismiss because the motion was based upon legal, not factual, grounds. ***See Kovalev, supra***. Likewise, we conclude that the trial court's dismissal of Appellant's complaint in the instant matter was proper under Rule 233.1, and we affirm. ***See Gray, supra***.

Order affirmed. Case is stricken from argument list.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/17/2025

---

[4] In dismissing the complaint in ***Kovalev***, the trial court dismissed that action in its entirety and as to all named defendants, with prejudice. Additionally, the court barred Appellant from pursuing additional litigation raising the same or related claims against LabCorp and the related defendants without leave of court. ***See Kovalev, supra*** at 3. As the filing of the complaint in the instant matter pre-dated the trial court's ruling in ***Kovalev***, the trial court's prohibition on future filings did not apply to the complaint at issue in this case.